FERNANDO CERVANTES,

    and

ADRIAN CERVANTES,

    and

FIDEL BLANDON,                Case No.:    18-cv-XXXX

        Plaintiffs,

    v.

MIDWEST ENVIRONMENTAL, LLC,

    and

BONNY LOUISE REISKE,

        Defendants.

## COMPLAINT

## PRELIMINARY STATEMENT

1.    Plaintiffs Fernando Cervantes, Adrian Cervantes, and Fidel Blandon bring this action against their former employers, Midwest Environmental, LLC and Bonny Louise Reiske, for violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and Wisconsin wage and hour laws. Plaintiffs Cervantes, Cervantes, and Blandon were hourly employees of Midwest Environmental and Bonny Louise Reiske. At all times during Plaintiffs Cervantes, Cervantes, and Blandon's employment at Midwest Environmental, LLC, Bonny Louise Reiske

oversaw the day-to-day operations and had control over the compensation practices and human resources of Midwest Environmental, LLC. During their employment at Midwest Environmental, LLC, Plaintiffs Cervantes, Cervantes, and Blandon were not compensated at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a given workweek in violation of the FLSA and Wisconsin wage and hour laws.

2.     Plaintiffs Cervantes, Cervantes, and Blandon bring this action pursuant to the FLSA for purposes of obtaining relief for unpaid overtime compensation, unpaid wages, back pay, liquidated damages, costs, attorneys' fees, injunctive relief, and/or any such other relief that the Court may deem appropriate. In addition, Plaintiffs Cervantes, Cervantes, and Blandon bring this action pursuant to Wisconsin wage and hour laws, Wis. Stat. §§ 109.01 *et seq.*, 104.001 *et seq.,* 103.01 *et seq.,* Wis. Admin. Code §§ DWD 272.001 *et* seq., and DWD 2740.01 *et seq.* for purposes of obtaining relief for unpaid overtime compensation, unpaid wages, unpaid commissions, back pay, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief that the Court may deem appropriate.

3.     Defendants Midwest Environmental, LLC and Bonny Louise Reiske's willful failure to compensate Plaintiffs Cervantes, Cervantes, and Blandon at one and one-half times their regular rate for hours worked in excess of forty in a given workweek violates the FLSA and Wisconsin law.

## JURISDICTION AND VENUE

2

4.     The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. §§ 201 *et seq.*

5.     The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events giving rise to the claims occurred within the District and Midwest Environmental, LLC and Bonny Louise Reiske have substantial and systematic contacts in this District.

## PARTIES

7.     Defendant Midwest Environmental, LLC ("Midwest Environmental") is a Wisconsin Limited Liability Company with a principal office located in Milwaukee, Wisconsin.  Midwest Environmental's registered agent for service of process in the State of Wisconsin is Bonny Louise Reiske located in Milwaukee, Wisconsin.

8.     Defendant Bonny Louise Reiske ("Reiske") is an adult resident of the State of Wisconsin who is the owner/operator of Midwest Environmental. Reiske has had control over the compensation practices and human resources of Midwest Environmental at all times since April 2016.

9.     Midwest Environmental and Reiske are joint employers and hereinafter collectively referred to as "Defendants."

10.    Joinder of Defendants is proper pursuant to Fed. R. Civ. P. 20(a)(2) because Plaintiffs' rights to relief are asserted against Defendants arising out of the same series of occurrences and common questions of law and fact.

11.    Plaintiff Fernando Cervantes is an adult resident of the State of Wisconsin who was formerly employed at Midwest Environmental.

12.    Plaintiff Adrian Cervantes is an adult resident of the State of Wisconsin who was formerly employed at Midwest Environmental.

13.    Plaintiff Fidel Blandon is an adult resident of the State of Wisconsin who was formerly employed at Midwest Environmental.

## GENERAL ALLEGATIONS

14.    Plaintiffs Cervantes, Cervantes, and Blandon were former employees of Defendants who worked as "Asbestos Removers" from approximately April 2016 through mid-May 2016.

15.    Since April 2016, Defendants have contracted and continue to contract to remove asbestos for commercial properties in Wisconsin.

16.    At all times during their employment, Defendants suffered or permitted Plaintiffs Cervantes, Cervantes, and Blandon to provide cleaning services and asbestos removal for Defendants' commercial business customers.

4

17.     During their employment with Defendants, Plaintiffs Cervantes, Cervantes, and Blandon generally performed their duties at various commercial business locations during the workweek.

18.     Since April 2016, Defendants regularly suffered or permitted Plaintiffs Cervantes, Cervantes, and Blandon to work in excess of forty hours per week in many workweeks.

19.     In return for their work for Defendants since approximately April 2016, Defendants agreed to pay Plaintiffs Cervantes, Cervantes, and Blandon at a base hourly rate of $18.00 for all hours worked.

20.     Since April 2016, Plaintiffs Cervantes, Cervantes, and Blandon worked more than forty hours in various workweeks while employed by Defendants.

21.     Since approximately April 2016, Defendants failed to pay Plaintiffs Cervantes, Cervantes, and Blandon for hours worked in excess of forty in any given workweek at a rate of one and one half times their regular rate in violation of the FLSA and Wisconsin law.

22.     At all times from approximately April 2016 until mid-May 2016, Defendant Reiske has been the owner and operator of Midwest Environmental.

23.     Defendant Reiske was involved in the management, supervision, and oversight of Midwest Environmental between approximately April 2016 and until mid-May 2016 and had the ability to hire and fire employees; was involved in and had control over employee compensation, benefits decisions, and policy making; was

involved in Midwest Environmental's day-to-day functions; and had a role in determining employee rates of pay.

24.     Defendant Reiske made the decision to compensation Plaintiffs Cervantes, Cervantes, and Blandon in the fashion that Defendants did.

25.     Defendant Reiske made the decision to terminate Plaintiffs Cervantes, Cervantes, and Blandon from their employment for Defendants.

26.     Defendants failed to maintain records of start and end times of each workday for Plaintiffs Cervantes, Cervantes, and Blandon during the course of their employment by Defendants.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act –
### Unpaid Overtime

27.     Plaintiffs Cervantes, Cervantes, and Blandon reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

28.     Between April 2016 and until mid-May 2016, Plaintiffs Cervantes, Cervantes, and Blandon were entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

29.     Between April 2016 and until mid-May 2016, Midwest Environmental has been and continues to be an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

30.     Between April 2016 and until mid-May 2016, Midwest Environmental was an employer of Plaintiffs Cervantes, Cervantes, and Blandon as provided under the FLSA.

6

31. Between April 2016 and until mid-May 2016, Defendant Reiske was an employer of Plaintiffs Cervantes, Cervantes, and Blandon as provided under the FLSA.

32. As a result of the above alleged practices, Midwest Environmental violated the FLSA, 29 U.S.C. § 207 *et seq.* by failing to account for and compensate Plaintiffs Cervantes, Cervantes, and Blandon at one and one-half times their regular rate for hours working in excess of forty in a workweek between April 2016 and until Mid-May 2016.

33. Plaintiffs Cervantes, Cervantes, and Blandon are entitled to damages equal to the mandated overtime rate of one and one-half times their regular rate since April 2016, plus periods of equitable tolling because Midwest Environmental acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

34. Defendants' failure to properly compensate Plaintiffs Cervantes, Cervantes, and Blandon was willfully perpetrated and Plaintiffs are therefore entitled to recover unpaid wages dating back to April 2016.

35. Plaintiffs Cervantes, Cervantes, and Blandon are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above, pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

7

36. Alternatively, should the Court find that Plaintiffs Cervantes, Cervantes, and Blandon are not entitled to liquidated damages, Plaintiffs are entitled to an award of pre-judgment interest at the applicable legal rate.

37. Pursuant to 29 U.S.C. § 216(b), Plaintiffs Cervantes, Cervantes, and Blandon are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violations of Wisconsin Law – Unpaid Overtime

38. Plaintiffs Cervantes, Cervantes, and Blandon reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

39. Between April 2016 and until mid-May 2016, Plaintiffs Cervantes, Cervantes, and Blandon were employees within the meaning of Wis. Stat. § 109.01 *et seq.*

40. Between April 2016 and until mid-May 2016, Plaintiffs Cervantes, Cervantes, and Blandon were employees within the meaning of Wis. Stat. § 103.001 *et seq.*

41. Between April 2016 and until mid-May 2016, Plaintiffs Cervantes, Cervantes, and Blandon were employees within the meaning of Wis. Stat. § 104.01 *et seq.*

42. Between April 2016 and until mid-May 2016, Plaintiffs Cervantes, Cervantes, and Blandon were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

8

43.    Between April 2016 and until mid-May 2016, Plaintiffs Cervantes, Cervantes, and Blandon were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

44.    Between April 2016 and until mid-May 2016, Midwest Environmental was an employer of Plaintiffs Cervantes, Cervantes, and Blandon within the meaning of Wis. Stat. § 109.01 *et seq.*

45.    Between April 2016 and until mid-May 2016, Midwest Environmental was an employer of Plaintiffs Cervantes, Cervantes, and Blandon within the meaning of Wis. Stat. § 103.001 *et seq.*

46.    Between April 2016 and until mid-May 2016, Midwest Environmental was an employer of Plaintiffs Cervantes, Cervantes, and Blandon within the meaning of Wis. Stat. § 104.01 *et seq.*

47.    Between April 2016 and until mid-May 2016, Midwest Environmental was an employer of Plaintiffs Cervantes, Cervantes, and Blandon within the meaning of Wis. Admin. Code § DWD 272.001 *et seq.*

48.    Between April 2016 and until mid-May 2016, Midwest Environmental was an employer of Plaintiffs Cervantes, Cervantes, and Blandon within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

49.    Between April 2016 and until mid-May 2016, Defendant Reiske was an employer of Plaintiffs Cervantes, Cervantes, and Blandon within the meaning of Wis. Stat. § 109.01 *et seq.*

50.     Between April 2016 and until mid-May 2016, Defendant Reiske was an employer of Plaintiffs Cervantes, Cervantes, and Blandon within the meaning of Wis. Stat. § 103.001 *et seq*.

51.     Between April 2016 and until mid-May 2016, Defendant Reiske was an employer of Plaintiffs Cervantes, Cervantes, and Blandon within the meaning of Wis. Stat. § 104.01 *et seq*.

52.     Between April 2016 and until mid-May 2016, Defendant Reiske was an employer of Plaintiffs Cervantes, Cervantes, and Blandon within the meaning of Wis. Admin. Code § DWD 272.001 *et seq*.

53.     Between April 2016 and until mid-May 2016, Defendant Reiske was an employer of Plaintiffs Cervantes, Cervantes, and Blandon within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

54.     Between April 2016 and until mid-May 2016, Defendants failed to pay Plaintiffs Cervantes, Cervantes, and Blandon overtime premium compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a given workweek in violation of Wisconsin law.

55.     The foregoing conduct, as alleged above, constitutes continuing, willful, dilatory, and unjust violations of Wisconsin's law requiring the payment of overtime wages.

56.     Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than thirty-one days prior to the date of payment.

57. As set forth above, Plaintiffs Cervantes, Cervantes, and Blandon have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiffs Cervantes, Cervantes, and Blandon seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

58. Under Wis. Stat. § 109.11, Plaintiffs Cervantes, Cervantes, and Blandon are entitled to civil penalties equal and up to fifty percent of their unpaid wages.

59. Plaintiffs Cervantes, Cervantes, and Blandon seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to Wisconsin wage laws.

## <u>REQUEST FOR RELIEF</u>

**WHEREFORE**, Plaintiffs Cervantes, Cervantes, and Blandon respectfully request that this Court grant the following relief:

    a) An Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of Wisconsin Law and applicable regulations and as willful as defined by Wisconsin Law;

    b) An Order finding that Defendants violated the FLSA and Wisconsin wage and hour laws in failing to pay Plaintiffs' overtime compensation for hours worked in excess of forty in any given workweek in the statutory period;

    c) An Order finding that Defendants violations of the FLSA and Wisconsin law were willful;

11

d) An Order finding that Defendants violations of Wisconsin law were dilatory and unjust;

e) Judgment against Defendants in the amount equal to the Plaintiffs' unpaid overtime wages at the applicable regular rate mandated by the FLSA and Wisconsin law;

f) An award in the amount of all liquidated damages and civil penalties as provided under the FLSA and Wisconsin law;

g) An award in the amount of all costs and attorneys' fees incurred in the course of prosecuting these claims as well as pre-judgment and post-judgment interest; and

h) Such other relief as the Court deems just and equitable.


Dated this 17th day of April, 2018.

Respectfully submitted,


_s/ Larry A. Johnson_
Larry A. Johnson
SBN 1056619
Summer H. Murshid
SBN 1075404
Timothy P. Maynard
SBN 1080953

**Hawks Quindel, S.C.**
222 East Erie Street
Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: (414) 271-8650
Fax: (414) 271-8442
Email(s):     ljohnson@hq-law.com
              smurshid@hq-law.com
              tmaynard@hq-law.com

12