UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FERNANDO CERVANTES, ADRIAN CERVANTES,
and FIDEL BLANDON,

        Plaintiffs,

v.                                          Case No. 18-cv-600-pp

MIDWEST ENVIRONMENTAL LLC
and BONNY LOUISE REISKE,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT AS TO MIDWEST ENVIRONMENTAL AND
BONNY LOUISE REISKE (DKT. NO. 12)**

On November 13, 2018, at the plaintiffs' request, the clerk of court entered default. A week later, the plaintiffs moved for default judgment. Dkt. No. 12. To date, neither defendant has appeared. The court will grant the motion for default judgment.

**I.    Entry of Default**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means the court must first assure itself that the defendant was aware of the suit, and still did not respond.

The plaintiffs filed the complaint on April 17, 2018. Dkt. No. 1. They filed their proofs of service on May 30 and June 1, 2018. Dkt. Nos. 4, 5. The proof of

1

service indicates that Carlton Manske served Bonnie Louis Reiske individually and on behalf of Midwest Environmental, LLC, at 2905A S. Wentworth Ave., Milwaukee, Wisconsin on May 25, 2018. Dkt. No. 4. The Department of Financial Institutions website confirms that Bonny Louise Reiske is the registered agent for Midwest Environmental, LLC, and that the principal office is located at 2905A S. Wentworth Ave., Milwaukee, WI 53207-2511 (accessible at https://www.wdfi.org/apps/CorpSearch).

The summons indicated that within twenty-one days of the date the defendant received service, it must answer. Dkt. No. 1-2 at 1. This means that the defendants' deadline for answering or otherwise responding to the complaint was June 15, 2018. The defendants did not respond, and the clerk of courts asked the plaintiffs to file a status update. On July 5, 2018, the plaintiffs filed a motion for leave to file a first amended complaint. Dkt. No. 7. Magistrate Judge Joseph granted the motion, and the plaintiffs filed an amended complaint on August 10, 2018. Dkt. No. 10. The defendants did not file an answer or otherwise respond. Three months later, the plaintiffs filed a motion for entry of default against both defendants, dkt. no. 11, and the clerk entered default the next day. The court is satisfied that the plaintiffs effectuated service, and that the entry of default was proper.

**II. Plaintiff's Motion for Default Judgment**

After the entry of default, a plaintiff may move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b). When the court determines a defendant is in default, the court accepts as true the well-pleaded factual allegations in

the complaint. eE360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." Id. However, those portions of the default judgment motion relating to the amount of damages and fees must be proven. Yang v. Hardin, 37 F.3d 282, 286 (7th Cir. 1994). Rule 55(b)(2) provides that the district court may conduct hearings or make referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b)(2). Such proceedings are unnecessary if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." eE360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983)).

The complaint alleges that the defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, when it required, or permitted, the plaintiffs to work more than forty hours a week but did not compensate them for those excess hours. Dkt. No. 1 at 1. The FLSA requires employers to pay their employees a federal minimum hourly wage. 29 U.S.C. §206(a)(1). In addition, the employer must pay an overtime rate of at least one and one-half times the employee's regular wage for any hours worked in excess of forty hours in one week. 29 U.S.C. §207(a). An employee bears the burden of proving that he performed overtime work for which he was not properly compensated. eE360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983)).

With respect to damages, the FLSA provides that any employer who violates the overtime pay requirement shall be liable in the amount of the "unpaid wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. §216(b). In addition to any judgment awarded to the plaintiff, the court may allow a reasonable attorney's fees and costs. Id.

The allegations in the complaint establish a violation of FLSA's overtime provisions. From April 2016 to mid-May 2016, the plaintiffs—former employees of the defendants—worked as asbestos removers. Dkt. No. 10 at ¶15. The defendants "regularly suffered or permitted plaintiffs to work in excess of forty hours per week in many workweeks." Id. at ¶19. The defendants agreed to pay the plaintiffs a base hourly rate of $18 per hour, but the defendants failed to pay the plaintiffs for all hours worked. Id. at ¶¶21, 22. The plaintiffs allege that defendants' actions were willful. Id. at ¶38.

At all relevant times, Reiske owned and operated Midwest Environmental. Id. at ¶27. Plaintiff Adrian Cervantes worked approximately eighty hours at his regular rate of $18 per hour and sixteen hours at his overtime rate of $27 per hour for a total of $1,872 in unpaid wages. Id. at ¶24. When the number is doubled for liquidated damages, the defendants owe Adrian Cervantes $3,744. Plaintiff Fernando Cervantes worked approximately ninety hours at his regular rate of $18 per hour and sixteen hours at his overtime rate for a total of $2,052 in unpaid wages. Id. at ¶25. When that amount is doubled for liquidated damages, the amount owed to Fernando

4

Cervantes is $4,104. Plaintiff Fidel Blandon worked approximately 160 hours at his regular rate of $18 per hour and sixty-eight hours at his overtime rate of $27 per hour. Id. at ¶26. Blandon was compensated $300 for hours worked, but has a total of $4,416 in unpaid wages. Id. When that amount is doubled, the defendants owe Fidel Blandon $8,832. The total amount owed the plaintiffs is $16,680 in unpaid wages and damages.[1]

The FLSA also provides for an award of attorney's fees and costs. 29 U.S.C. §216(b). Attorney Larry Johnson filed a declaration and a verified statement of costs and fees. Dkt. Nos. 14, 14-1, 14-2. Johnson billed 7.1 hours at $350, and his associate, Claire Roehre, billed 7.2 hours at $200, for a total amount of $3,925. Costs totaled $668.70 (filing fee, service fee and postage). The court finds that the plaintiffs have supported their request for fees and costs in the amount of $4,593.70.

**III. Conclusion**

The court **GRANTS** the plaintiffs' motion for default judgment against defendants Midwest Environmental, LLC and Bonny Louise Reiske. Dkt. No. 8.

The court **AWARDS** plaintiff Adrian Cervantes $3,744. The court **AWARDS** plaintiff Fernando Cervantes $4,104, The court **AWARDS** plaintiff Fidel Blandon $8,832. The court **APPROVES** the plaintiffs' request for attorney's fees in the amount of $3,925 and costs in the amount of $668.70,

---

[1] The complaint also includes an overtime claim, alleging violations of Wis. Stat. §§103.02, 103.03 and Wis. Admin. Code DWD §274.03, but the plaintiffs ask for damages only under the FLSA.

for a total amount of fees and costs of $4,593.70. Dkt. No. 8. The clerk will enter judgment against in the defendants in the amount of $21,273.70.

The court **ORDERS** that the case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 30th day of April, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**